UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VERNON ROBINSON,

     Plaintiff,

v.                            Case No. 4:20cv419-AW-HTC

MARK INCH, SECRETARY OF THE
FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

     Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Vernon Robinson, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint attempting to assert claims under 42 U.S.C. § 1983 (ECF Doc. 1) and a motion for leave to proceed *in forma pauperis* (ECF Doc. 2). The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon reviewing Plaintiff's complaint and litigation history, the undersigned finds that Plaintiff's motion for leave to proceed *in forma pauperis* should be DENIED and recommends that this case be DISMISSED WITHOUT PREJUDICE because Plaintiff (1) is a three-striker under 28 U.S.C. § 1915(g), (2) has not shown he is under imminent danger of serious physical injury, and (3) failed to pay the requisite filing fee upon initiating this suit. Additionally, the undersigned recommends

dismissal on the separate ground that Plaintiff has failed to disclose his complete litigation history.

## I.    BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated at Madison Correction Institution.  He names nine (9) defendants:  (1) Secretary of the FDOC, Mark Inch; (2) Classification Specialist, Ms. Blackshear; (3) Sentencing Specialist, Ms. Allen; (4) Assistant Warden Bearden; (5) Warden Collin; (6) Head of Classification, Mr. Anderson; (7) Assistant Warden, Mr. A. Johns; (8) Food Service Director, Ms. Werrick; and (9) Assistant Warden, Mr. T. Bowder.  ECF Doc. 1

The crux of Plaintiff's allegations appear to be two-fold.  First, as to Defendants Bearden, Werrick and A. Johns, Plaintiff alleges that they violated his Eighth Amendment rights by failing to provide Plaintiff with a proper diabetic diet. ECF Doc. 1 at 5.  In conclusory fashion, Plaintiff alleges that this violation places Plaintiff in imminent danger.  *Id.*  As to Defendants Blackshear, Allen, Bearden, Collins, Bowder, Anderson, and Inch, Plaintiff alleges they violated his Fourteenth, Fifth, and Eighth Amendment rights when they failed to enter a security evaluation rating in the FDOC system above satisfactory for Plaintiff, thus depriving him of incentive gain time.  ECF Doc. 1 at 6–7.  Additionally, he alleges that "if plaintiff

was receiving the proper gain-time he would already be home to prepare his own meals." ECF Doc. 1 at 8.

According to Plaintiff, he informed Defendant Werrick that he was not receiving the proper diet and that his life was in imminent danger on July 30, 2019. ECF Doc. 1 at 8. Likewise, Plaintiff alleges he informed Defendant Bearden that his life was being placed in imminent danger both because Plaintiff was not receiving a proper diet and was not receiving the proper gain time on August 18, 2019. *Id.* Plaintiff alleges he advised other Defendants of these same issues on various dates in 2018 and 2019. *See id.* at 8–9.

## II. PLAINTIFF IS A THREE-STRIKER UNDER 28 U.S.C. § 1915(g)

Under the Prison Litigation Reform Act ("PLRA"), a prisoner seeking to proceed *in forma pauperis* cannot do so if he has filed at least three (3) cases that have been dismissed for failure to state a claim or as frivolous or malicious. Specifically, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants

dismissal of his case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

In the complaint form used by Plaintiff, Plaintiff identifies one (1) case that has been dismissed based on a ground set forth in 28 U.S.C. § 1915(g).[1] ECF Doc. 1 at 11. Other than stating that the case is from the Middle District of Florida, Plaintiff provides no additional identifying information about the case. Elsewhere on the complaint form, however, Plaintiff identifies three cases he filed in the Middle District of Florida: *Robinson v. Nimmons*, 3:09-cv-914; *Robinson v. Sec'y, Dep't of Corr.*, 3:11-cv-197, and *Robinson v. Crews*, 3:14-cv-288. Based on the Court's independent review of the electronic docket in the Middle District, the Court takes judicial notice that Plaintiff has filed at least five (5) cases in the Middle District, and that at least two, *Robinson v. Nimmons* and *Robinson v. Crews*, were dismissed for failure to state a claim, thus constituting strikes. (The other cases are habeas actions that were also dismissed.)

Additionally, the Court also takes judicial notice that Plaintiff has filed at least eight (8) cases in the Northern District of Florida. These cases are discussed further

---

[1] As an initial matter, Plaintiff's complaint is not on this Court's approved forms, but the form used by Plaintiff requires the same types of disclosures as this Court's forms.

in section III, below, as Plaintiff disclosed only *some* of these cases.  For purposes of Plaintiff's status as a three-striker, the Court takes judicial notice that the following cases were also dismissed for a reason set forth under § 1915(g):

> Case No.: 4:05-cv-282, *Robinson v. Florida Parole Comm'n* (dismissed for failure to state a claim)

> Case No.: 4:07-cv-441, *Robinson v. Florida Parole Comm'n* (dismissed for failure to follow an order of the court)

> Case No.: 4:09-cv-333, *Robinson v. McNeil,* (dismissed for failure to state a claim and as being barred by the statute of limitations)

Also, the Court takes judicial notice that a Court in this District recognized Plaintiff as a three-striker as early as 2013.  *See Robinson v. Tucker*, 4:13-cv-102-WS-CAS (ECF Doc. 7).

Because Plaintiff is a three-striker, he cannot proceed *in forma pauperis* under the PLRA unless he demonstrates that he is in imminent danger of a serious physical injury.  The Plaintiff's bare allegations that he was placed in imminent danger in 2018 or 2019 because he was deprived of a diabetic diet and gain time do not make such a showing.  *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (noting that to fall within the imminent danger exception, Plaintiff's complaint must include "specific, credible allegations of imminent-danger of serious physical harm").  In other words, simply stating that he is in imminent danger does not make

it so. Moreover, there can be no imminent danger when Plaintiff complained about these issues more than a year ago.

The imminent danger exception is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Notably, Plaintiff cannot rely on past conduct to establish imminent danger. Instead, Plaintiff must demonstrate he was in imminent danger of serious physical injury *at the time he initiated this proceeding. See Medberry v. Butler,* 185 F.3d 1189 (11th Cir. 1999) (holding that, to fall within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court).

## III.   FAILURE TO DISCLOSE

In Plaintiff's complaint form, Plaintiff identifies over twenty (20) state cases and six (6) prior federal cases that he has filed relating to the conditions of his imprisonment or the facts of this case. ECF Doc. 1 at 11–40. Plaintiff, however, failed to disclose *all* of his prior litigation history. Thus, as an additional ground, this action should be dismissed because of Plaintiff's failure to disclose. "A plaintiff's affirmative misrepresentation regarding [his] prior litigation history, when the complaint form required disclosure of such history constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under . . . § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec.

18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff signed his complaint, he had filed the following additional cases, which he failed to disclose:

Case No.: 2013stp12924, *Robinson v. Sec'y Fla. Dep't Corr.* (11th Cir.) (appeal of 4:13-cv-102 and dismissed)

Case No.: 2014op10660, *In re Robinson* (11th Cir.) (denial of successive habeas)

Case No.: 2017stp13462, *Robinson v. Sec'y Fla. Dep't Corr.* (11th Cir.) (dismissal of appeal and denial of successive habeas)

Case No.: 2019op14781, *In re Robinson* (11th Cir.) (denial of successive habeas)

Case No.: 3:14-cv-657, *Robinson v. Sec'y, Dep't of Corr.* (M.D. Fla.) (dismissal of habeas petition)

Case No.: 3:19-cv-1322, *Robinson v. Inch* (M.D. Fla.) (dismissal of habeas petition)

Case No.: 4:05-cv-282, *Robinson v. Fla. Parole Comm'n* (N..D. Fla.) (dismissal for failure to state a claim)

Case No.:  4:07-cv-436, *Robinson v. Henry* (N.D. Fla.) (voluntary dismissal)

Case No.:  4:07-cv-441, *Robinson v. Fla. Parole Comm'n* (N.D. Fla.) (dismissal for failure to follow a court order)

Case No.:  4:09-cv-333, *Robinson v. McNeil* (M.D. Fla.) (dismissal for failure to state a claim).

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court.  If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The Court will not tolerate false responses or statements in any pleading or motion filed before it. As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Thus, an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.  *See, e.g*, *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding prisoner's failure to disclose previous federal lawsuit constituted abuse of the judicial process warranting dismissal, and prisoner's misrepresentation was not excused by his explanation that he

misunderstood the complaint form); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

## IV.    CONCLUSION

As noted above, the imminent danger exception is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis*, 279 F.3d at 531 (7th Cir. 2002). Plaintiff has not shown that any such circumstances exist here. Because Plaintiff is a three-striker, he is not entitled to proceed *in forma pauperis*. Therefore, his case should be dismissed without prejudice. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Additionally, as set for the above, as an additional basis for dismissal, Plaintiff has failed to disclose his complete litigation history.

A *sua sponte* dismissal is appropriate here because this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed and gives Plaintiff the opportunity to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is ORDERED:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

And it is respectfully RECOMMENDED that:

1.    This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) and for abuse of the judicial process by failing to disclose Plaintiff's complete litigation history.

2.    The clerk be directed to close this file.

At Pensacola, Florida, this 3rd day of September, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**